LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

VICTOR HUITZIL,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

        Plaintiff,

  v.

PAK O AVENUE CORP.
    d/b/a KEY FOOD,
YOUNG BRUCE PAK
and SON MI PAK,

        Defendants.

---

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT
**Jury Trial Demanded**

Plaintiff, VICTOR HUITZIL, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants PAK O AVENUE CORP. d/b/a KEY FOOD ("Corporate Defendant"), YOUNG BRUCE PAK and SON MI PAK ("Individual Defendants") (each individually, "Defendant" and together, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, VICTOR HUITZIL, is a resident of Kings County, New York.

6. Upon information and belief, Defendant, PAK O AVENUE CORP. d/b/a KEY FOOD, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 97 Avenue O, Brooklyn, NY 11204. PAK O AVENUE CORP. owns the assets and operates the "Key Food" supermarket located at 97 Avenue O, Brooklyn, NY 11204, which, prior to June 2015, was operated under the supermarket brand name "Associated."

7. Upon information and belief, Defendant, YOUNG BRUCE PAK, is the Chairman or Chief Executive Officer of Corporate Defendant, PAK O AVENUE CORP. Defendant YOUNG BRUCE PAK exercised control over the terms and conditions of Plaintiff's employment and those

of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class members, Defendant YOUNG BRUCE PAK had the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine employee schedules and (iv) otherwise affect the quality of employment.

8. Upon information and belief, Defendant, SON MI PAK, is a Principal of Corporate Defendant, PAK O AVENUE CORP. Defendant SON MI PAK exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class members, Defendant SON MI PAK had the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine employee schedules and (iv) otherwise affect the quality of employment.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay "spread of hours" premium, (iii) failing to provide wage statements to Class members as required under the New York Labor Law and (iv) failing to provide proper wage and hour notice to Class members, at date of hiring and annually thereafter, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;
>
> b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;
>
> c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;
>
> d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;
>
> e) Whether Defendants provided proper wage statements informing all non-exempt employees information required to be provided on wage statements under the New York Labor Law;
>
> f) Whether Defendants provided proper wage and hour notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

g) Whether Defendants improperly paid Plaintiff and Class members on a fixed salary basis, when New York Labor Law requires that all non-exempt employees be paid on an hourly basis;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law; and

i) Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

**STATEMENT OF FACTS**

24. In or about July 2013, Plaintiff, VICTOR HUITZIL, was hired by Defendants and/or their predecessors, as applicable, to work as a produce stock person and porter for Defendants' supermarket "Associated," located at 97 Avenue O, Brooklyn, NY 11204, which, in June 2015, changed to a "Key Food" supermarket. Plaintiff HUITZIL worked at such location until October 31, 2015, when he was terminated.

25. During the employment of Plaintiff HUITZIL by Defendants, he worked over forty (40) hours per week. During Plaintiff HUITZIL's employment by Defendants, he regularly worked over ten (10) hours per day.

26. Plaintiff HUITZIL's regular work schedule and compensation were as follows:

a. From in or about July 2013 to in or about January 2014, Plaintiff worked from 8:00 a.m. to 6:00 p.m., 6 days per week, for a total of 60 hours per week. During this period, Plaintiff was paid a fixed weekly salary of $500.

b. From in or about January 2014 to October 2014, Plaintiff worked from 8:00 a.m. to 5:30 p.m., 6 days per week, for a total of 57 hours per week. During this period, Plaintiff was paid a fixed weekly salary of $510.

    c. From in or about October 2014 to in or about February 2015, Plaintiff worked from 10:00 a.m. to 8:00 p.m., 6 days per week, for a total of 60 hours per week. During this period, Plaintiff was paid a fixed weekly salary of $600.

    d. From February 2015 until his termination, Plaintiff worked from 10:00 a.m. to 7:00 p.m., 6 days per week, for a total of 54 hours per week. During this period, Plaintiff was paid a fixed weekly salary of $510.

27. While employed by Defendants, Plaintiff HUITZIL was paid a fixed salary of the amount stated above, and was never paid any overtime premium for his hours worked in excess of 40 hours per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Throughout Plaintiff's employment by Defendants, Defendants willfully violated Plaintiff's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because Plaintiff was a non-exempt employee who must be paid on an hourly basis. Plaintiff HUITZIL received his compensation in cash.

28. Similarly, the other FLSA Collective Plaintiffs and Class Members were compensated by Defendants on a fixed weekly salary basis, even though FLSA Collective Plaintiffs and Class Members never agreed with Defendants that the fixed salaries that they received were inclusive of overtime premium for all hours in excess of forty (40) that they worked in each workweek.

29. Neither Plaintiff HUITZIL nor any Class members received any wage statements from Defendants with each payment of wages. In addition, Plaintiff HUITZIL and Class members also did not receive any wage and hour notice at the beginning of their employment nor annually thereafter, as required under the New York Labor Law.

30. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time

9

and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants purposely paid all non-exempt employees a fixed salary and failed to pay overtime premium for their hours worked in excess of 40 per week.

31. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members even though their workday regularly exceeded ten (10) hours.

32. Defendants knowingly and willfully operated their business with a policy of not providing (i) proper wage statements and (ii) wage and hour notices at the beginning of employment and annually thereafter, to Plaintiff and Class members, in violation of the New York Labor Law.

33. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges and reavers Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

39. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff, and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

41. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

44. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants knowingly and willfully violated Plaintiff and Class members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class members are non-exempt employees who must be paid on an hourly basis.

48. Defendants willfully violated rights of Plaintiff and Class members by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49. Defendants willfully violated rights of Plaintiff and Class members by failing to pay "spread of hours" premium to them for each day their worked ten (10) or more hours.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and Class members, in violation of the New York Labor Law.

51. Defendants knowingly and willfully operated their business with a policy of not providing wage notices as required under the New York Labor Law at the time of hiring or annually thereafter.

52. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants for their unpaid overtime, unpaid "spread of hours" premium, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    d.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

    e.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

    f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

    g.    An award of statutory penalties, and prejudgment and postjudgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 30, 2017											Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
C.K. Lee, Esq.