# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between VICTOR HUITZIL ("Claimant" or "Plaintiff") and PAK O AVENUE CORP. d/b/a KEY FOOD, YOUNG BRUCE PAK and SON MI PAK (collectively the "Company" or "Defendants"), (Claimant and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of ___FEB. 27___, 2018.

## RECITALS

A.     WHEREAS, on or about January 30, 2017, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay him certain wages due in connection with services he performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-0529;

B.     WHEREAS, no court has considered or determined the claims presented;

C.     WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations;

D.     NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENT

1.     <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.     <u>Settlement Compensation and Release</u>

Company agrees to pay Claimant the amount of $7,200 (the "Settlement Amount") in six (6) separate monthly payments, by delivering, on or before January 15, 2018, six (6) separate post-dated checks to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, as follows:

   a. Dated for January 30, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

   b. Dated for February 29, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

   c. Dated for March 31, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

 d. Dated for April 30, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

 e. Dated for May 31, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

 f. Dated for June 30, 2018, a check in the amount of $1,200.00, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

 The allocation shall be $5,000 to Claimant and the remainder to Claimant's counsel as fees and expenses. To the extent the Action is not yet dismissed by the Court upon the receipt of any payment, Plaintiff's counsel shall retain such amounts in escrow, to be released upon dismissal of the Action.

 In the event that Defendants fail to make any of the payments set forth above or a payment does not clear due to lack of funds, Plaintiff shall serve a written notice upon counsel for the Defendants via e-mail ("Default Notice"), and the Defendants shall have ten (10) days to cure the default by making payments set forth in this Agreement. Upon Defendants' failure to cure any default within ten (10) days of delivery of the Default Notice, the remaining payments shall be accelerated and the full balance of the Settlement Agreement shall be due and payable immediately. Defendants shall also be penalized eighteen percent (18%) for the unpaid balance, compounded annually, and accruing from the date such balance is due. After the second event that Defendants fail to make any of the payments set forth above, Plaintiff will no longer be required to provide a Default Notice.

 The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue a 1099 form to Claimant. Claimant shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid. In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of Claimant, who agrees to indemnify and hold Company harmless for any taxes, interest or penalties incurred by Company relating to the payments.

 For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably and forever releases and discharges Company from all wage and hour claims under the FLSA, which Claimant has or may have against Company as of the date of this Agreement.

 3. <u>Cooperation</u>. Claimant and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

      4.    <u>Jurisdiction</u>. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

      5.    <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
Victor Huitzil

**Pak O Avenue Corp.**

By: _YONG BRUCE PAK_____
Name:
Title: PRESIDENT

_____
Young Bruce Pak

_____
Son Mi Pak